Argued March 2, affirmed April 4, 1972

WINTER ET UX, *Respondents, v.* SATCHELL ET UX,
*Appellants.*

495 P2d 738

*Victor C. Hefferin,* Portland, argued the cause for appellants. On the brief were Rask & Hefferin.

*Donald J. DeFrancq,* Portland, argued the cause for respondents. On the brief were Davis, Jensen, DeFrancq & Holmes.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN and TONGUE, Justices.

O'CONNELL, C. J.

This is a suit in equity to establish an easement of necessity over defendants' property. Defendants appeal from a decree in favor of plaintiffs.

Plaintiffs own land adjoining and to the south of land owned by defendants. Originally the two parcels of land were owned by Carl and Florence Glennon. The Glennons conveyed the parcel now owned by defendants to James and Urcel Smith, retaining the parcel now owned by plaintiffs. At the time of the conveyance to the Smiths the residence, garage and concrete driveway now on plaintiffs' parcel were in existence and were used by the Glennons. The driveway encroached upon the Smith parcel about 18 inches at the widest point, tapering down to zero at both ends, forming a curved edge on defendants' land. The driveway was so constructed because the garage entrance was at an angle to the driveway which approached the garage in a curved route. At the time of the conveyance neither the Glennons nor the Smiths were aware of the fact that the driveway encroached upon Smiths' parcel.

The question is whether upon the conveyance of the parcel to the Smiths an implied easement was reserved corresponding to a pre-existing quasi-easement. The creation of an easement of this character is implied from the circumstances attending the conveyance. We have held that such an easement will arise if a reasonable man holding the quasi-dominant estate would be justified in assuming that the right to continue the pre-existing use was a part of the bargain between the grantor and grantee. The factors employed in drawing the inference that the parties would have intended the creation of an easement if they had

thought about it are explained in *Dressler v. Isaacs,* 217 Or 586, 343 P2d 714 (1959) and *Cheney v. Mueller,* 259 Or 108, 485 P2d 1218 (1971). It is not necessary to explain again in detail these guiding principles. We have said that to create an easement by implication based upon previous use, the use must be apparent, permanent and important. The first two of these factors were clearly established by the evidence in the case at bar. The third factor—that the use be important for the enjoyment of the quasi-dominant parcel —is not so clearly present.

There was evidence that without the use of the full width of the driveway as originally constructed an automobile could be driven in and out of the garage only with great difficulty. Because of the juxtaposition of the garage, the residence, and the driveway it was extremely difficult to back the car out of the garage without crossing the boundary line between plaintiffs' and defendants' land. The trial court found that the use of the portion of the concrete driveway on defendants' land was "necessary for ingress and egress to and from the garage * * * and is necessary for the enjoyment of Plaintiffs' property." We concur in that finding.

We take note of the fact that defendants introduced evidence tending to show that Mrs. Glennon and another grantor in plaintiffs' chain of title were aware of the encroachment and expressed a willingness to remove it if the servient owners so desired. This testimony came from interested witnesses who stood to lose if plaintiffs were to prevail. The trial judge apparently did not believe these witnesses. As we have often said, we give weight to the trial judge in the evaluation of the witnesses' credibility and

unless the record itself gives us a basis for reaching a different conclusion, we accept the trial judge's appraisal. We find nothing in the record which would prompt us to believe that the easement was relinquished by any of the owners of the dominant estate.

The decree of the trial court is affirmed.