Argued April 8, affirmed April 22, 1976

MOSHER, *Respondent,*
*v.*
ELLINGSEN et al, *Appellants.*

548 P2d 1302

*Tallant Greenough,* Coquille, argued the cause for appellants. With him on the brief was Harry A. Slack, Jr., Coquille.

*Joel B. Reeder,* Medford, argued the cause and filed a brief for respondent.

PER CURIAM.

**PER CURIAM.**

This is a suit to establish an easement by implication over defendants' land for ingress and egress to plaintiff's land. Defendants appeal from a decree in favor of plaintiff.

Plaintiff's and defendants' land was originally under one ownership, the title being in William Collins and wife. The evidence shows that at the time of the conveyance to plaintiff of a part of the land the only feasible access to the parcel conveyed was over the part retained by the Collinses. We find that this evidence, together with other facts in the case, was sufficient to establish an easement by implication. *Winter v. Satchell,* 261 Or 517, 495 P2d 738 (1972); *Cheney v. Mueller,* 259 Or 108, 485 P2d 1218 (1971); *Dressler v. Isaacs,* 217 Or 586, 343 P2d 714 (1959); 5 Restatement of Property (Servitudes) § § 474, et seq. (1944).

Plaintiff's complaint alleged that the plaintiff's and defendants' land was originally in a single ownership; that a part of the land was conveyed to plaintiff and a part retained by the grantor and "that by virtue of said conveyance, plaintiff's predecessor in interest impliedly granted an easement for ingress and egress against the property now owned by the defendants."

Defendants argue that the complaint is demurrable on the ground that it fails to state a cause of action. It is argued that the complaint must allege facts showing that an easement was essential to the beneficial enjoyment of the parcel granted to plaintiff. We disagree. Although the complaint was subject to a motion to make it more definite and certain, it was not demurrable. The complaint apprised defendants of the theory of plaintiff's case. Defendants could have, by motion, required plaintiff to spell out in more detail the facts which plaintiff relied upon to give rise to the implication, but failing to do this the complaint was not demurrable.

Decree affirmed.